UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISMAIL NASSER,    *Plaintiff*, | : : : | Civil Case Number |
| v. | : : | 3:15-cv-00791 (VLB) |
| CLASS LIMOUSINE GROUP, LLC, ANTOINE SCOTT,    *Defendants.* | : : : : | February 25, 2017 |

### DECISION ON MOTION FOR JUDGMENT AWARDING DAMAGES [DKT. 54]

**Before the Court is Plaintiff's Motion for Judgment Awarding Damages.** This action was brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, Connecticut Minimum Wage Law, Conn. Gen. Stat. §§ 31-58, *et seq.*, the Connecticut wage payment law, Conn. Gen. Stat. §§ 31-71, *et seq.*, and a common law negligence claim. The Court entered default judgment against both Defendants, Class Limousine Group, LLC, [Dkt. 46], and Antoine Scott, [Dkt. 51], (the "Defendants"). Plaintiff now moves for damages against the Defendants in the amount of $4,893. For the foregoing reasons, the Court hereby grants in part and denies in part Plaintiff's motion and awards damages in the amount of $4,448.36.

Plaintiff asserts in his affidavit submitted in support of the Motion for Judgment Awarding Damages that he was employed by Defendants from December 1, 2014, through January 22, 2015. [*See* Dkt. 57 (Pl.'s Aff.), ¶ 15]. From December 1, 2014, until January 16, 2015, Plaintiff worked seven days per week for 60 hours per week.[1] [*Id.* ¶ 16]. On the weeks where Plaintiff worked 60 hour weeks,

---

[1] The Court notes that Plaintiff does not appear to have worked from January 17, 2015 through January 22, 2015, as the affidavit explicitly mentions the week ending January 16 as the last week of work.

he was paid $500. [*Id.*].  Plaintiff states that on his last week of work ending January 16 he received no payment for 35 hours that he worked.  [*Id.* ¶ 17].  Plaintiff estimates that he is owed $90 in tips.  [*Id.* ¶ 20].  On January 16, 2015, Defendants assigned Plaintiff to pick up a customer at the John F. Kennedy International Airport ("JFK Airport"), despite Plaintiff lacking the proper license and despite Plaintiff specifically asking if he was allowed to do so.  [*Id.* ¶¶ 23-24].  The customer was an investigator from the Taxi and Limousine Commission and fined Plaintiff $1,500 for not having the required license to pick up customers at the JFK Airport.

Upon reviewing Plaintiff's affidavit, the Court finds that the damages owed are "reasonably susceptible of mathematical computation," and as such a hearing on damages is no longer necessary.  *Morales v. Cancun Charlie's Rest.*, No. 3:07-cv-1836 (CFD), 2010 WL 7865081, at *2 (D. Conn. Nov. 23, 2010) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  The Court has reviewed Plaintiff's Motion for Judgment on Damages and finds that Plaintiff's calculations are correct with one exception.  *See Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 32 (2d Cir. 2014) (noting a district court may not "just accept plaintiff's statement of the damages").  The Court therefore adjusts the award in damages pursuant to the calculations below.

Plaintiff estimates that he worked for four weeks in 2014 and three weeks in 2015 and accordingly calculates overtime damages owed.  [Dkt. 54-1 (Pl.'s Mot. J. Awarding Damages), at 4].  Conn. Gen. Stat. § 31-58(i) provides that the minimum wage increased from $8.70 per hour in 2014 to $9.15 per hour in 2015, effective January 1, 2015.  Plaintiff calculated overtime payment owed for the week of

December 29, 2014, through January 4, 2015, using only the minimum wage effective January 1, 2015.  [*See* Dkt. 54-1, at 4].  This calculation is in error because Plaintiff was not entitled to the 2015 minimum wage for December 29 through 31.

In situations where the employer fails to keep adequate employment records, the employee need only provide "sufficient evidence to show the amount and extent of that work [improperly compensated] as a matter of just and reasonable inference.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds*; *Velasquez v. U.S. 1 Farm Market, Inc.*, 3:13-cv-00634-GWC, slip op. at 4 (D. Conn. May 3, 2016).  As a plaintiff can satisfy this burden "through estimates based on his own recollection," *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011), the Court does not require a precise accounting of the number of hours worked each day that week.  Because the Court does not have the benefit of the Plaintiff's pay stubs, the Court apportions the 40 hours attributable to minimum wage payments equally among all seven days of the week from December 29, 2014, through January 4, 2015, which calculates the average number of hours worked each day of that week.  [*See* Dkt. 57, ¶ 16 (Plaintiff attests he worked each of the seven days that week)].  Doing so reflects that Plaintiff worked an equal number of hours each day that week and earned a minimum wage of $8.70 per hour for the three days in December, $9.15 for the four days in January, and began accruing overtime hours in 2015 (on the fifth day of the week).  Finding these calculations to be the most reasonable estimation of Plaintiff's owed wages, the Court concludes that Plaintiff is owed $132.76 for that week, not $140.50 as Plaintiff calculated.  Therefore, with respect to overtime

damages Plaintiff is owed a total of $709.29 in actual damages and $1,418.57 in liquidated damages, for a total of $2,127.86.

The Court finds that Plaintiffs calculations of minimum wage owed, tips owed, and negligence damages owed are appropriate.  After amending this one calculation error, the Court finds that Plaintiff is entitled to $4,448.36 in damages.

IT IS SO ORDERED.

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut: February 25, 2017